UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AHMAD G, BAHJAT,
    *Plaintiff*,

v.

TOWN OF HAMDEN *et al.*,
    *Defendants*.

No. 3:19-cv-1516 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Ahmad Bahjat is a *pro se* prisoner at the Cheshire Correctional Institution who has filed a lawsuit for money damages pursuant to 42 U.S.C. § 1983. He alleges that the police wrongfully investigated a criminal case case against him in a manner that has resulted in his conviction and imprisonment. Because Bahjat has not shown that his conviction has been overturned, I will dismiss this action pursuant to the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

## BACKGROUND

The complaint (Doc. #1-1) alleges that on January 31, 2016, Bahjat was accused of sexual assault. It further alleges various missteps by police officers who were investigating the case. The officers allegedly destroyed some camera footage and ignored other camera footage. The officers allegedly found the complainant's phone and purse in Bahjat's car but gave these items back to the complainant without examining them for evidence that may have been helpful to Bahjat. The officers also allegedly failed to get DNA or fingerprints from the door handles of Bahjat's car.

According to Bahjat, the officers' errors resulted in his conviction, and he seeks money damages of $10 million against each defendant. A review of the Connecticut Judicial Branch

1

website reflects that Bahjat was arrested on January 31, 2016, that he was convicted on August 14, 2018, by plea of nolo contendere on the charge of "Sex 1-Use or Threat of Force," and that he was sentenced to a term of 12 years of jail, execution suspended after 4 years.[1]

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Because Bahjat is proceeding *pro se*, the allegations of his complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the U.S. Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. The reason for this rule is to ensure that prisoners do not use federal lawsuits under section 1983 to circumvent ordinary state procedures for challenging a conviction or sentence by means of an appeal or petition for writ of habeas corpus. Thus, if a determination favorable to a plaintiff in a section 1983 action "would necessarily imply the invalidity of his

---

[1] *See* State of Connecticut Judicial Branch, Criminal/Motor Vehicle Convictions Search by Defendant, https://www.jud2.ct.gov/crdockets/SearchByDefDisp.aspx [https://perma.cc/NBA7-G3LD] (last accessed Nov. 13, 2019).

2

conviction or sentence," *id.* at 487, a plaintiff must first prove that the conviction or sentence has been reversed on direct appeal or declared invalid before he can recover damages under section 1983.

Here, Bahjat's claims of police misconduct would necessarily imply the invalidity of his conviction and imprisonment. His prayer for damages wholly depends on his contention that he would not have been convicted but for the police's inadequate investigation. Accordingly, the U.S. Supreme Court's decision in *Heck v. Humphrey* requires the dismissal of this action. *See also D.S. v. City of New York*, 736 F. App'x 284, 287 (2d Cir. 2018) (rule of *Heck v. Humphrey* barred claim that defendants engaged in misconduct leading to assault conviction).

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action pursuant to 28 U.S.C. § 1915A without prejudice to re-filing if Bahjat's conviction is invalidated at some future time. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven, Connecticut this 13th day of November 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge